■ TYE MORROW et al., Respondents, v THEODORE WILEY et al., Appellants.—Order, Supreme Court, New York County, entered March 9, 1979, denying defendants' motion for an order dismissing plaintiffs' fourth and seventh causes of action, reversed, on the law, to the extent appealed from and the motion to dismiss the fourth and seventh causes of action is granted, without costs. This action is the outgrowth of an unpleasant relationship between two families, neighbors in an apartment building, who appear to have become embroiled in a mutually destructive, expensive and time-consuming feud. Special Term granted defendants' motion to dismiss all of the causes of action set forth in the complaint except the seventh, alleging a slanderous remark with regard to plaintiff Sharon Morrow, and part of the fourth cause of action which Special Term concluded set forth legally sufficient allegations of malicious prosecution. We hold that the two remaining causes of action are also legally insufficient and, accordingly, reverse the order of Special Term and dismiss those actions. The cause of action alleging slander rests upon a claim that the defendants stated orally that the plaintiff Sharon Morrow "often had men visitors to her apartment when her parents weren't home." We do not view this alleged statement as an actionable imputation of unchastity. (See *James v Gannett Co.,* 40 NY2d 415; see, also, *O'Connell v Press Pub. Co.,* 214 NY 352.) Nor do we regard the paragraphs of the fourth cause of action left standing by Special Term as legally sufficient to allege malicious prosecution. It is alleged in these paragraphs that the defendants caused a personal appearance summons to be issued from the Criminal Court, charging the plaintiffs with alleged violations of section 1403.3-3.01 of the Administrative Code of the City of

New York and section 240.25 of the Penal Law. It is conceded that probable cause was held to exist following a preliminary hearing, and that thereafter the complaints were dismissed at the request of the District Attorney and with the consent of the defendants. The rule is clear that the finding of probable cause constitutes prima facie evidence that there was probable cause and the plaintiffs must allege and prove specific facts sufficient to rebut plaintiffs' own allegation. *(Graham v Buffalo Gen. Laundries Corp., 261 NY 165.)* The remaining allegations in this portion of the complaint are here insufficient to overcome the implications of the admission that there had been a judicial finding of probable cause. Accordingly, the fourth cause of action as well must be dismissed. Concur—Sandler, J. P., Sullivan, Bloom, Silverman and Ross, JJ.