■ Marianne Nestor Cassini, Appellant, v Advance Publications, Inc., et al., Respondents, et al., Defendants. [4 NYS3d 4]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered April 19, 2013, which granted defendants' motion to dismiss the complaint, and denied plaintiff's cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint, unanimously affirmed, without costs.

Plaintiff failed to state a cause of action for defamation based on allegedly false and disparaging statements in an article published in the September 2010 issue of Vanity Fair (Cassini Royale) that reports on plaintiff's secret marriage to the late designer, Oleg Cassini, and her conduct in litigation concerning his estate. Contrary to plaintiff's contention, the allegedly defamatory statements, including a quoted statement that plaintiff and her sisters used to throw parties in the 1960s that were attended by many wealthy "older guys looking for action," do not imply that plaintiff was a prostitute and lacked sexual morals. Given the overall context in which the statements were made, a reasonable reader would not conclude that plaintiff was a prostitute or otherwise unchaste (*see James v Gannett Co.*, 40 NY2d 415, 419 [1976]; *Morrow v Wiley*, 73 AD2d 859 [1st Dept 1980]). Nor were the statements so "extreme and outrageous" that they would support an action for infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]).

Given the complaint's lack of substantive merit and plaintiff's failure to demonstrate diligence in attempting to effect service, plaintiff failed to meet her burden of demonstrating that either good cause or the interests of justice support an extension of her time to serve defendants (CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]). Concur—Tom, J.P., Friedman, Andrias, DeGrasse and Gische, JJ. **[Prior Case History: 2013 NY Slip Op 30796(U).]**