■ MATTHEW PRINCE, Individually and on Behalf of D'LITES L.A.M.D. B.H., INC., Appellant, v FOX TELEVISION STATIONS, INC., et al., Respondents. [26 NYS3d 528]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered May 6, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Supreme Court correctly dismissed the defamation claim, since plaintiff failed to raise any triable issue of fact whether the "Shame, Shame, Shame" report was substantially true (*see Silverman v Clark*, 35 AD3d 1, 12-13 [1st Dept 2006]), and whether defendants were grossly irresponsible in investigating and airing the report (*Gaeta v New York News*, 62 NY2d 340, 351 [1984]). The heart of the eight-minute report was that a "small" serving of D'Lites ice cream, as portioned out and sold in two New Jersey stores (not owned by plaintiff), did not correspond to the nutritional information advertised for a "small" serving, as promoted by both stores and the D'Lites ice cream company. Specifically, the nutritional panel stated that a 50-calorie serving, consisting of roughly 40 grams, was low in fat, sugar, and carbohydrates, and thus a healthy alternative to ice cream. However, the report disclosed that the two New Jersey stores served ice cream swirled well above the rim of the "small" cup labeled "50 calories." Therefore, the customer received well over the 40-gram, or 50-calorie, serving set forth on the nutritional label, resulting in at least four times as many calories, fat, sugar, and carbohydrates.

Plaintiff's claims that defendants did not use the correct method to measure the volume of ice cream, which increases in volume when air is added, and decreases when it melts and air escapes, are irrevelant to how the product was sold (in a roughly 200-calorie "small" portion sold in the 50-calorie cup), and how the corresponding nutritional information was advertised (for a 50-calorie "small" portion). To the extent that plaintiff changed his own advertising methods so that they differed from the stores featured in the report, plaintiff acknowledges that he did so only after the report aired, and thus this creates no triable issue as to the substantial truth of the statements in the report, which had merely noted that the three stores owned by plaintiff were about to open.

To the extent that there were purported discrepancies in the measurements of sugar and carbohydrates in the test results of the samples sold in stores, plaintiff does not dispute that the servings as sold contained more of these components than the nutritional panel advertised, and thus the report remained

substantially true. For the same reasons, the report's statements that the ice cream was not diabetic-friendly were substantially true.

In addition, any reasonable reader would understand that the statements that D'Lites ice cream was not healthy was an expression of opinion (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *McGill v Parker*, 179 AD2d 98, 109-110 [1st Dept 1992]). Because the report repeatedly disclosed the nutritional content of the ice cream, the reader was free to reach his or her own opinion regarding the health of the product.

As noted, there is no triable issue whether defendants acted with gross irresponsibility. Among other things, before airing the report, defendants personally visited the two stores featured in the report, conducted lab tests of samples through an independent expert, and spoke to the owners of at least one store as well as the D'Lites ice cream owner, inventor, and national licensor (*Kruesi v Money Mgt. Letter*, 228 AD2d 307, 307-308 [1st Dept 1996], *lv denied* 88 NY2d 814 [1996]).

Supreme Court correctly dismissed the product disparagement claims relating to plaintiff's Babylon store, because there was no triable issue as to the falsity of the statements in the report (*see Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 105 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]). Further, plaintiff failed to raise an issue of fact as to any malice in broadcasting the report (*id.*; *see Kipper v NYP Holdings Co., Inc.*, 12 NY3d 348, 353-355 [2009]).

Because there is no viable cause of action, Supreme Court correctly dismissed the claim for punitive damages (*Rivera v City of New York*, 40 AD3d 334, 344 [1st Dept 2007], *lv denied* 16 NY3d 782 [2011]). Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ.