State of N.Y. ex rel Light v Melamed (2020 NY Slip Op 01718)





State of N.Y. ex rel Light v Melamed


2020 NY Slip Op 01718


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11269 101451/14

[*1] State of New York ex rel Doreen L. Light, Plaintiff-Appellant,
v
Myron R. Melamed, et al., Defendants, Joseph Melamed, et al., Defendants-Respondents.


Willens & Scarvalone LLP, New York (Jonathan A. Willens of counsel), for appellant.
Cole Schotz P.C., New York (Wendy F. Klein of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered July 12, 2019, which granted defendants Joseph Melamed and Daniel Melamed's motion to dismiss the complaint as against them and, upon a search of the record, dismissed the complaint as against the remaining defendants, unanimously affirmed, without costs.
Plaintiff relator commenced this action in 2014 on behalf of the State of New York, alleging a scheme by the decedent and his family to avoid New York State income taxes and estate taxes for the benefit of the beneficiaries of the estate, defendants Joseph Melamed and Daniel Melamed, by, among other things, failing to report income earned by the decedent in New York between 2008 and 2013, and filing false documents with the State representing that the decedent was a resident of Florida, when in fact he was working and living full-time in Westchester County until shortly before his death in 2013. The complaint asserts causes of action for violations of the New York False Claims Act (NYFCA) (State Finance Law § 187 et seq.).
Assuming, without deciding, that NYFCA applies to causes of action alleging that misrepresentations were made to avoid estate tax obligations (see State Finance Law § 189[1][g]), the estate tax fraud causes of action were correctly dismissed. The complaint does not allege that the decedent (or any defendant) had income (or sales) of at least $1 million in 2013, the year in which estate taxes came due and the claim for estate tax fraud arose.
With respect to the income tax fraud causes of action, the complaint fails to adequately allege sales/income within the statute.
There is no basis for granting leave to replead, as relator's opposition papers do not show that she would be able to state any viable causes of action upon repleading (see Genger v Genger, 135 AD3d 454, 455 [1st Dept 2016], lv denied 27 NY3d 912 [2016]), and she failed to submit any proposed amendments that would cure the present deficiencies (see FCRC Modular, LLC v Skanska Modular LLC, 159 AD3d 413, 416 [1st Dept 2018]).
We note that at oral argument it became clear that defendant University Pathology, P.C. no longer exists.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK