Anonymous v Anonymous (2021 NY Slip Op 05770)





Anonymous v Anonymous


2021 NY Slip Op 05770


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kapnick, JJ. 


Index No. 350060/18 Appeal No. 14425 Case No. 2021-00868 

[*1]Anonymous, Plaintiff-Respondent,
v
Anonymous, Defendant-Appellant.


Mantel McDonough Riso, LLP, New York (Allan D. Mantel of counsel), for appellant.
Krauss Shaknes Tallentire & Messeri LLP, New York (Caroline Krauss of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about March 10, 2021, which granted plaintiff husband's motion for a protective order as to certain discovery requests and to quash six subpoenas on third parties and denied defendant wife's cross motion for partial summary judgment seeking a declaration that all property other than that specified in Schedule A to the parties' prenuptial agreement, dated November 18, 2004, is marital property and to compel compliance with her discovery demands, unanimously affirmed, without costs.
We agree with the motion court that Article Four, Paragraph 2 of the parties' prenuptial agreement (PNA) served to establish a broad definition of each party's separate property to encompass assets acquired during the marriage. Such reading would "give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized'" (Strong v Dubin, 75 AD3d 66, 68 [1st Dept 2010] [internal quotation marks and citation omitted]). The recital to the PNA set forth that the parties wished to "fix, determine and limit the financial and property rights and claims that may accrue to each of them by reason of the Marriage " To adopt the wife's interpretation of separate property as limited only to the husband's premarital assets listed on Exhibit A annexed to the PNA would have the contrary effect of expanding her marital rights, not limiting them, and would further render Article 4 superfluous since premarital property is already considered separate property under the Domestic Relations Law (see Matter of John E. Andrus Mem. Home v DeBuono, 260 AD2d 635, 636 [2d Dept 1999], lv denied 93 NY2d 813 [1999]). Article Four of the PNA also contained express language contemplating the acquisition of "Separate Property" after the marriage to undermine the wife's claim that all property acquired after the marriage date was marital property. Accordingly, the husband's income earned during the marriage and other business assets acquired during that time are his separate property and not subject to discovery (see Kalousdian v Kalousdian, 35 AD3d 669, 670-671 [2d Dept 2006]).
Contrary to the wife's contention, we do not find that the motion court expressed judicial bias toward her to warrant re-assignment to a new Justice.
In light of our determination, we need not address the wife's remaining contentions.
The stay of enforcement of that portion of the order requiring the parties, pursuant to the PNA to determine each party's equitable distribution rights by engaging a Designated Neutral Accountant, ordered (M-1903) by this Court on July 8, 2021, is hereby vacated. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021