Shuman v New York Magazine (2022 NY Slip Op 07173)

Shuman v New York Magazine

2022 NY Slip Op 07173

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 155577/20 Appeal No. 16895 & M-4161 Case No. 2021-02653 

[*1]Mischa Shuman et al., Plaintiffs-Appellants,
v
New York Magazine et al., Defendants-Respondents.

Boies Schiller Flexner LLP, Armonk (David Boies of counsel), for appellants.
Davis Wright Tremaine LLP, New York (Katherine Bolger of counsel), for respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about June 16, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
The content of the magazine articles at issue is well within the sphere of legitimate public concern, and plaintiffs did not adequately allege facts to show defendants acted in a grossly irresponsible manner in writing and publishing them (see Huggins v Moore, 94 NY2d 296, 302-304 [1999]; Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 198-199 [1975]). Where, as here, a publication encompasses matters of public concern and related private behavior, it is not for courts to determine the balance to be stricken; instead, "[t]his is precisely the sort of line-drawing that . . . is best left to the judgment of journalists and editors" (Weiner v Doubleday & Co., 74 NY2d 586, 595 [1989], cert denied 495 US 930 [1990]). Plaintiffs' efforts to show defendants abused their editorial discretion in this regard are unavailing. To the extent the articles discuss their sexual relationships and other private conduct, they do so in connection with the matters of significant public concern: their apparent involvement in wrongful activity within and around the Harvard University community. The articles zero in on plaintiffs' ostensible paternity extortion scheme involving nonparty Professor Bruce Hay, and related extortion or attempted extortion of other men, including via accusations of rape, assault and, in Hay's case, sexual harassment. They address plaintiffs' engagement in other wrongful behavior, such as their apparent scheme to defraud Hay out of his home, and the Title IX process at Harvard. Those matters warrant public exposition (see Huggins, 94 NY2d at 302, 303), and contrary to plaintiffs' contention, the court properly made this determination at the pleading stage (see e.g. Hayt v Newsday LLC, 176 AD3d 787 [2d Dept 2019]; Ramos v Madison Square Garden Corp., 257 AD2d 492 [1st Dept 1999]; Cassini v Advance Publications, Inc., 41 Misc 3d 1202[A], 2013 NY Slip Op 51553[U] [Sup Ct, NY County 2013], affd 125 AD3d 467 [1st Dept 2015], lv denied 26 NY3d 902 [2015]).
Plaintiffs' blanket denials of having been involved in any paternity extortion scheme, their insistence that plaintiff Mischa Shuman's Title IX action against Hay was brought in good faith, and their rendition of the supposedly legitimate way they came to live in Hay's home do not bear on the analysis of whether these are matters of public concern. Plaintiffs' denials instead go to the question of whether defendants were grossly irresponsible in having produced articles in which wrongful acts such as extortion and fraud are attributed to plaintiffs, a question the motion court properly resolved against them. The gross irresponsibility standard "demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" (Hayt v Newsday, LLC, 176 AD3d 787, 788 [*2][2d Dept 2019]) and does not require "exhaustive research nor painstaking judgments" (DeLuca v New York News, 109 Misc 2d 341, 350 [Sup Ct, NY County 1981] [internal quotation marks omitted]). A publisher's "obligation is to base its story on a reliable source" (Mitchell v Herald Co, 137 AD2d 213, 217 [4th Dept 1988], appeal dismissed 72 NY2d 952 [1988]).
Plaintiffs' arguments as to defendants' gross irresponsibility are largely based on conclusory assertions as to what defendants knew or should have known pre-publication. For example, they aver that they "provided documentary evidence that challenged the accuracy of Hay's story and the documents Hay claimed supported him," but neither their briefs nor the pages they cite to in the record indicate what "documentary evidence" they provided. Nor do they adequately show, beyond conclusory denials, what other "information" they furnished defendants that unambiguously showed the falsity of the statements (see e.g. Edwards v Natl. Audubon Socy., Inc., 556 F2d 113, 121 [2d Cir 1977], cert denied 434 US 1002 [1977]). Moreover, defendants' decision to credit sources other than plaintiffs' blanket denials is no indication of gross irresponsibility, but instead a provident exercise of defendants' editorial discretion (see Alcor Life Extension Found. v Johnson, 43 Misc 3d 1225[A], 2014 NY Slip Op 50784[U], *11 [Sup Ct, NY County 2014], affd 136 AD3d 464 [1st Dept 2016] ["The decision to choose one source over another is an editorial judgment in which the courts and juries have no proper function"]).
Plaintiffs' gross irresponsibility arguments are further weakened by evidence in the record showing that they declined defendants' request to interview them for the article, that the first article reported that they "denied most of Hay's account," and that defendants' fact-checker sought their input on statements to be included in the then-forthcoming first article (e.g. Prince v Fox Television Stations, Inc., 137 AD3d 486, 488 [1st Dept 2016]). Moreover, the first article was more nuanced than plaintiffs suggest in that, while it does depict their involvement in wrongful conduct, it also mentions that when "Hay reached out to local law enforcement," they "told him it would be difficult to prove [plaintiffs] had committed a crime."
The parties do not dispute that Hay was the primary source of the first article, and plaintiffs' other arguments as to defendants' gross irresponsibility, which rest on Hay's supposed unreliability as a source, are also unavailing. Plaintiffs' gross irresponsibility arguments also do not account for the fact that, as the articles show, defendants relied on sources in addition to Hay.
We have considered plaintiffs' remaining arguments and find them unavailing.
M-4161 — Mischa Shuman and Maria-Pia Shuman v New York Magazine et al.
Motion to strike portions of defendants' brief, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*3]DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022