Isaly v Garde (2023 NY Slip Op 02847)

Isaly v Garde

2023 NY Slip Op 02847

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 160699/18 Appeal No. 336-337 Case No. 2022-03687, 2022-05657 

[*1]Samuel D. Isaly, Plaintiff-Appellant,
v
Damian Garde et al., Defendants-Respondents.

Carter Ledyard & Milburn LLP, New York (Alan S. Lewis of counsel), for appellant.
Morgan, Lewis & Bockius LLP, New York (Kenneth I Schacter of counsel), and Morgan, Lewis & Bockius LLP, Boston, MA (Jonathan M. Albano, of the bar of the State of Massachusetts, admitted pro hac vice, of counsel), for Damian Garde, respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about December 6, 2022, which, to the extent appealed from, granted plaintiff's motion to reargue, and upon reargument, adhered to its prior determination granting defendant Damian Garde's motion to dismiss the complaint as against him for failure to state a cause of action and denied plaintiff's motion to amend the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about July 14, 2022, which to the extent appealed from as limited by the briefs, granted Garde's motion to dismiss the complaint as against him, unanimously dismissed, without costs, as superseded by the appeal from the order granting reargument.
This defamation action concerns an article, written by Garde, which reported that five former employees working for plaintiff complained that plaintiff "wantonly demeaned and verbally abused female employees," and had "perpetuated a toxic culture of sexual harassment" by "routinely subjecting young female assistants to pornography in the workplace, lewd jokes, and pervasive sexist comments." The article further noted that none of the sources alleged that plaintiff touched them physically in a sexual way. Of the five employees cited as sources for the article, only defendant Deliah Burke was identified by name, and the other four sources, who "shared similar stories," "spoke on condition of anonymity, saying they had signed nondisclosure agreements and feared reprisals from Isaly." The article reported that plaintiff denied the allegations of sexual harassment and pornography in the workplace in a 90-minute interview with Garde.
The court properly concluded that plaintiff failed adequately to allege facts showing that Garde acted in a grossly irresponsible manner in his reporting of Burke's complaints of sexual harassment by plaintiff (see Huggins v Moore, 94 NY2d 296, 302 [1999]; Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199 [1975]; see also Shuman v New York Mag., 211 AD3d 558, 558 [1st Dept 2022]). The gross irresponsibility standard "demands no more than that a publisher utilize methods of verification that are reasonably calculated to produce accurate copy" and does not require "exhaustive research nor painstaking judgments" (Shuman, 211 AD3d at 559 [internal quotation marks omitted]).
Contrary to plaintiff's contention, Garde had no reason to doubt the veracity of Burke's statements that she received emails containing pornographic images from plaintiff. Nor was Garde required to demand that Burke produce additional emails to substantiate her statements. Garde interviewed four other former OrbiMed employees with first-hand accounts of plaintiff's conduct, examined ten of Burke's contemporaneous emails documenting plaintiff's other acts of misconduct, and spoke to a third party who confirmed that Burke had spoken in the past about some of the other incidents described in the article. Given the extensive [*2]corroboration Garde obtained the court properly concluded that Garde used appropriate methods of verification that were reasonably calculated to verify the truthfulness of Burke's statements. We reject plaintiff's contention that Garde was required to request every email that Burke had forwarded to herself to discharge his journalistic duty.
Further, the article was not misleading in failing to disclose that plaintiff is quadriplegic. Plaintiff contends that this failure to disclose falsely conveyed that he was physically capable of sending the emails. The article, however, accurately described plaintiff's condition and did not create a perception that he has full use of his arms and hands. Moreover, by his own allegations and admissions, plaintiff retains some use of his upper extremities.
The court providently exercised its discretion in denying plaintiff's request for leave to amend because the proposed amendment did not add allegations that would cure the deficiencies in the amended complaint (see State of N.Y. ex rel. Light v Melamed, 181 AD3d 498, 499 [1st Dept 2020]; Tri-Star Intl. Mgt. v International Merchandising Corp., 188 AD2d 387 [1st Dept 1992]).
Finally, plaintiff argues that, upon remand, the case should be reassigned to a different justice. However, plaintiff waived this argument by not submitting a request for recusal to Justice d'Auguste along with his motion for reargument and to amend (see William Kaufman Org. v Graham & James, 269 AD2d 171, 174 [1st Dept 2000]). In any event, there is no basis to reassign the matter to a new justice, as there has been no
showing of bias toward plaintiff (see Anonymous v Anonymous, 198 AD3d 526, 527 [1st Dept 2021], lv dismissed 38 NY3d 1000 [2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023