23-67-cv
*Isaly v. Bos. Globe Media Partners, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-three.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

---

Samuel D. Isaly,

> *Plaintiff-Appellant*,

v.                                                              23-67-cv

Boston Globe Media Partners, LLC,
Damian Garde,

> *Defendants-Appellees*,

Delilah Burke,

> *Defendant.*

---

FOR PLAINTIFF-APPELLANT:                ALAN S. LEWIS, Carter Ledyard & Milburn LLP,
                                        New York, NY.

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLEES:             JONATHAN M. ALBANO (Andrew M. Buttaro,
                                      Kenneth I. Schacter, *on the brief*), Morgan,
                                      Lewis & Bockius LLP, Boston, MA & New
                                      York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Samuel Isaly appeals from the district court's January 10, 2023 judgment denying his motion to remand the case to state court and granting the motion to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants-appellees Boston Globe Media Partners, LLC ("the Globe") and Damian Garde.[1] This appeal arises from the second of two lawsuits in which Isaly named the Globe as a defendant based on the same allegedly defamatory news article. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In 2017, Garde published an article on the news website STAT (which is published by the Globe) reporting that Isaly, a prominent business executive, had "perpetuated a toxic culture of sexual harassment" by "routinely subjecting young female assistants to pornography in the work place, lewd jokes, and pervasive sexist comments" at a hedge fund that he founded. Joint App'x at 53. The article relied on information from Isaly's former assistant, Delilah Burke, and other

---

[1] Because Isaly expressly withdrew the portion of his appeal regarding the remand motion in his reply brief, we only consider the district court's decision to dismiss the amended complaint.

2

unnamed sources. After the article was published, Isaly filed a defamation action against the Globe and Garde in the United States District Court for the Southern District of New York. Isaly later voluntarily dismissed Garde as a defendant—pursuing his defamation claim in federal court only against the Globe—and filed a parallel lawsuit in New York state court against Garde and Burke.[2]

The district court dismissed Isaly's complaint, ruling that Isaly failed to sufficiently plead that the Globe "acted in a grossly irresponsible manner" under New York law in publishing the article. *Isaly v. Bos. Globe Media Partners LLC* (*Isaly I*), No. 18-cv-9620, 2020 WL 5659430, at *5 (S.D.N.Y. Sept. 23, 2020) (internal quotation marks and citation omitted). This Court affirmed, rejecting Isaly's main argument that he was "physically incapable of taking the actions attributed to him in the article—primarily, sending inappropriate emails— . . . because he is quadriplegic" and has limited use of his arms and fingers. *Isaly v. Bos. Globe Media Partners LLC*, No. 21-1330-cv, 2022 WL 121283, at *1 (2d Cir. Jan. 13, 2022) (summary order). We explained that the allegations in the article were not inconsistent with the pleadings, which reflected both that Isaly retained enough motor function to feed himself using a fork and that he received support with daily tasks. We also relied on a transcript of Garde's pre-publication interview with Isaly to find unpersuasive Isaly's argument that Garde made no meaningful attempt to test the allegations in the article. Finally, we determined that Isaly pleaded "no facts that cast doubt on the reliability of Garde's anonymous sources or that call into question the article's assertion that each was first

---

[2] The state trial court dismissed the claim against Garde, which the First Appellate Division affirmed. *See Isaly v. Garde*, 216 A.D.3d 594 (1st Dep't 2023). The state trial court stayed its dismissal of the claims against Burke to await the outcome of another case that was pending before the New York Court of Appeals and that stay remains in effect. *See Isaly v. Garde*, No. 160699/2018, 2022 WL 17475676 (N.Y. Sup. Ct. Dec. 6, 2022).

contacted by Garde and interviewed separately." *Id.* at *2.

After this Court affirmed the dismissal of the first federal complaint, Isaly filed the instant action against the Globe in New York State court, which the Globe removed to the United States District Court for the Southern District of New York on the basis of diversity jurisdiction. The case was ultimately assigned to the same judge who resolved the prior federal lawsuit. Isaly then amended his complaint to add Garde and Burke—both non-diverse parties—as defendants and moved to remand the case to state court on the ground that the district court lacked subject matter jurisdiction over the case. The district court struck Garde and Burke as parties, denied Isaly's remand motion, and granted the Globe's motion to dismiss the amended complaint with prejudice because res judicata barred the action. On appeal, Isaly contends that the district court erred under New York law in giving res judicata effect to his prior federal lawsuit and dismissing his complaint.

We review *de novo* a district court's application of the principles of res judicata. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Because the federal court that issued the first judgment sat in diversity in New York, we look to New York law to determine the preclusive effect of that action. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). In New York, res judicata "bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action . . . ." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (internal quotation marks and citation omitted). Although, under New York law,

4

dismissals for failure to state a claim are presumptively not on the merits, *see* NY CPLR § 5013, New York courts have explained that such dismissals are considered on the merits if: (1) a court "intended . . . to bring the action to a final conclusion against the plaintiff," *Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999); *see also Howard Carr Companies, Inc. v. Cumberland Farms, Inc.*, 833 F. App'x 922, 923–24 (2d Cir. 2021) (summary order); or (2) if the new complaint "fails to correct the defect or supply the omission determined to exist in the earlier complaint." *Park Slope Auto Ctr., Inc. v. Papa*, 190 A.D.3d 754, 756 (2d Dep't 2021) (internal quotation marks and citation omitted).

We agree with the district court that, applying New York law, the doctrine of res judicata bars Isaly's defamation claim because the dismissal of his defamation claim in the first suit intended to bring that action to a final conclusion and, thus, was on the merits. Isaly asserts that the district court's dismissal of his first defamation action for failure to state a claim was because of a technical deficiency, and was therefore, not on the merits. However, New York courts look to the substance of the decision to determine its preclusive effect. *See Strange v. Montefiore Hosp. & Med. Ctr.*, 59 N.Y.2d 737, 739 (1983) ("CPLR [§] 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given *res judicata* effect; it suffices that it appears from the judgment that the dismissal was on the merits."). Here, the district court held that it intended to bring the prior lawsuit to a final conclusion and we conclude that the substance of the decision and the judgment support that determination.[3] In the first action, the district court

---

[3] Isaly argues that the district judge erroneously relied on her unstated, subjective intent to hold that she intended her decision in *Isaly I* to bring that action to a final conclusion. We disagree. The district judge

granted the Globe's motion to dismiss which sought a dismissal with prejudice. The district court also instructed the Clerk of the Court to enter judgment and "close this case." *Isaly I*, 2020 WL 5659430, at \*8. Furthermore, the district court's dismissal, which we affirmed, was not based on a technical deficiency; rather, the district court substantively determined—after considering both the news article and a transcript of Garde's interview with Isaly—that Isaly "ha[d] not alleged facts from which a fact finder could properly infer that [the Globe] was grossly irresponsible in its reporting." *Id*. at \*7. Indeed, in bringing the case to conclusion, the district court explicitly rejected Isaly's argument that the case "cannot be resolved on a motion to dismiss because he lack[ed] information necessary to plead gross irresponsibility. . . ." *Id.* (citing Pl.'s Mem. in Opp'n to Mot. to Dismiss at 21–25 (S.D.N.Y. June 15, 2020), ECF No. 51). In short, the district court's decision in *Isaly I* was a decision on the merits.

Because we find that the *Isaly I* decision was on the merits, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *In re Hunter*, 4 N.Y.3d 260, 269 (2005). Therefore, we need not consider Isaly's arguments regarding the new allegations in the amended complaint in this lawsuit because those allegations, which are largely conclusory, are all part of a defamation claim that arises from the same article that was the subject of the first lawsuit.[4]

---

pointed to *objective indicia* in the record of her intent and, as discussed *infra*, we conclude that those objective indicators are sufficient to determine that the district judge intended to bring the prior action to a final conclusion.

[4] Having found that the dismissal of the claim in the prior lawsuit was on the merits because the district court intended to bring the action to final conclusion, we need not consider the district court's alternative holding that res judicata applied because the new complaint failed to correct the defects identified in *Isaly I*.

Accordingly, the district court correctly concluded that res judicata bars Isaly's defamation claim in the instant case.

\* \* \*

We have considered Isaly's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court