**Stone v Metropolitan Transp. Auth.**

2025 NY Slip Op 31009(U)

March 31, 2025

Supreme Court, New York County

Docket Number: Index No. 152797/2022

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. RICHARD TSAI** | PART | 21 |
| | *Justice* | | |

------------------------------------------------------------------------------X

RENAE STONE, as Administrator of the Estate of CAIRO WILSON-STONE, deceased,

        Plaintiff,

        - v -

METROPOLITAN TRANSPORTATION AUTHORITY, METRO-NORTH COMMUTER RAILROAD COMPANY, and EDWARD HILDEBRANDT, JR.,

        Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152797/2022 |
| MOTION DATE | 10/10/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-3, 8-41, 43-47 were read on this motion to/for      DISMISSAL      .

   Defendants move to dismiss the action: (1) as against defendant Metropolitan Transportation Authority (MTA), on the ground that the complaint fails to state a cause of action against the MTA; and (2) as against defendants Edward Hildebrandt Jr. and Metro-North Commuter Railroad Company D/B/A MTA Metro-North Railroad (Metro-North), except as to the allegations of wrongful death, on the ground that service of the complaint was not timely made within 120 days after commencement of the action.

   Plaintiff opposes the motion and cross-moves for an extension of time to serve the complaint upon Metro-North and Hildebrandt. Defendants oppose the cross-motion.

## BACKGROUND

   On April 1, 2022, plaintiff commenced this action against the MTA, Metro-North, and Hildebrandt (*see* NYSCEF Doc. No. 1 [complaint]). According to the complaint, on April 3, 2021, Hildebrandt was operating the engine of Train 5755, which collided with decedent Cairo Wilson-Stone, a pedestrian, at Milepost 23.5 of Metro-North Track 3, north of the Irvington Station in Westchester County (complaint ¶¶ 16, 18-19).

   An affidavit of service was e-filed on April 14, 2022 (*see* NYSCEF Doc. No. 2). According to the affidavit of service, the pleadings were served upon the MTA on April 11, 2022 (*id.*). It is undisputed that no other affidavit of service was e-filed within 120 days after commencement of the action. The next document that was e-filed was defendants' answer, e-filed on November 21, 2022 (*see* NYSCEF Doc. No. 3, answer).

[* 1]

The fourth affirmative defense of defendants' answer raised lack of jurisdiction over defendants (*see id.*). The ninth affirmative defense asserted that plaintiff failed to serve the summons and complaint on the defendants within the applicable statute of limitations (*see id.*).

On January 20, 2023, defendants e-filed the motion to dismiss now before this court.

## DISCUSSION

In the exercise of discretion, the court will first address plaintiff's cross-motion for an extension of time to serve Metro-North and Hildebrandt, because the outcome of plaintiff's cross-motion could render academic the branch of defendants' motion to dismiss the complaint (except the allegations of wrongful death) as against Metro-North and Hildebrandt, due to lack of service.

### I. Plaintiff's cross-motion for an extension to serve the complaint upon Metro-North and Hildebrandt

"[W]here, as here, service is not timely made, the court may, within its discretion, extend the time for service upon either good cause or in the interest of justice" (*Nunez-Ariza v Nell*, 161 AD3d 614, 614 [1st Dept 2018], citing CPLR 306–b and quoting *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]).

#### A. Extension for Good Cause

"Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service. By contrast, good cause may be found to exist where the plaintiff's failure to timely serve process is a result of circumstances beyond the plaintiff's control" (*Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 32 [2d Dept 2009] [internal citations omitted]).

According to plaintiff, service upon Metro-North was attempted on April 7, 2022. According to two affidavits of service, a process server attempted to serve Metro-North at 420 Lexington Avenue in Manhattan (*see* Exhibit 10 in support of plaintiff's cross-motion [NYSCEF Doc. No. 32]). According to the process server, he "was advised legal documents are no longer being accepted in person due to Covid. Summons or Notice of Petition would have to be served through email. Notice of claims could be accepted by certified mail or through New York Secretary of State as provided in General Municipal Law" (*id.*).

Defendants argue that plaintiff did not demonstrate reasonable diligence because plaintiff provided no evidence that she attempted to email a copy of the summons and complaint to either Metro-North or Hildebrandt.

**152797/2022   STONE, RENAE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 2 of 6**
**Motion No.  001**

2 of 6

[* 2]

The court agrees with defendants. Having allegedly been informed that service of the pleadings was being accepted only by email due to COVID, the record is bereft of evidence that service by email was attempted. Neither did plaintiff's counsel explain why service of upon the Secretary of State was not attempted.

**B. Extension in the interests of justice**

Unlike an extension based on good cause, a plaintiff need not establish reasonably diligent efforts at service for an extension in "the interests of justice" (*Leader*, 97 NY2d at 105-06).

"[T]he court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant. . . . No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (*id.*).

Plaintiff contends that defendants cannot show prejudice because the MTA police department investigated the incident, defendants were served with a notice of claim, and plaintiff appeared for a statutory hearing (*see* Exhibits 1 & 2 in support of defendants' motion [NYSCEF Doc Nos. 10-11]; *see also* Exhibits 5 & 6 in support of plaintiff's cross motion [NYSCEF Doc. Nos. 26-27]). As to the merits of the action, plaintiff submits the affidavit of Nicholas Bellizzi, P.E. (*see* Exhibit 11 in support of plaintiff's cross motion, Bellizzi aff [NYSCEF Doc. No. 33]).

According to Bellizzi, in an investigation report, Hildebrandt stated that he had observed an object from a distance, but did not apply the emergency brakes until he determined the object was a person when the train approached closer (*id.* ¶ 3). Bellizzi opines, "The act of the train operator in waiting to make a positive identification of the obstruction on the track as a person before attempting to stop the train is a clear failure to adhere to safe practice in connection with train operation" (*id.* ¶ 4).

He also states, "If there was a path or "shortcut" across the tracks which was associated with an open or deteriorated area of fencing (the photographs apparently depict about 100 feet of new fencing, according to the investigator), then this would have represented a poor and substandard maintenance shortfall which would implicate liability for negligence on the part of the owner, which was the MTA" (*id.* ¶ 19).

Defendants argue that plaintiff was not prompt in moving for an extension of time, because the motion was not filed until 283 days after the expiration of the 120-day period to serve the complaint. Defendants also contend that the merits of plaintiff's causes of action against Metro-North and Hildebrandt are based on speculation.

**152797/2022   STONE, RENAE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 3 of 6**
**Motion No.  001**

3 of 6

[* 3]

Some factors weigh in favor of granting an interest of justice extension; some do not (*see e.g. Sutter v Reyes*, 60 AD3d 448, 449 [1st Dept 2009]). On the one hand, the court agrees with plaintiff that defendants will not suffer prejudice if an extension were granted. Additionally, the fact that the statute of limitations against Metro-North and Hildebrandt has expired weighs in favor of an extension (*see Ardel Constr. & Design Group, Inc. v VBG 990 AOA, LLC*, 223 AD3d 451, 452 [1st Dept 2024]). On the other hand, the court agrees with defendants that plaintiff's request for an extension to serve was not prompt, as plaintiff did not request an extension of service until more than nine months after the expiration of the time to serve, when defendants moved for dismissal based on lack of service.

Meanwhile, the merits of the causes of action against Metro-North and Hildebrandt do not weigh in favor of plaintiff. Bellizzi admits, "It remains to be determined whether it was possible for the train operator to have stopped the train in time, given that he was proceeding at 74 mph" (Bellizzi aff ¶ 5). The court also agrees with defendants that Bellizzi is speculating as to whether there was an open or deteriorated area of fencing prior to the incident. At best, the merits do not weigh in favor of either party.

On balance, the factors under the "interest of justice" do not weigh in plaintiff's favor. While diligence is not a threshold issue when seeking an extension of time in the interest of justice, it remains a factor to be considered by the court (*Krembs v NYU Langone Hosps.*, 214 AD3d 453, 454 [1st Dept 2023], *lv dismissed* 41 NY3 d 959 [2024]). The plaintiff's lack of reasonable diligence in serving the complaint tips the balance of the factors in defendants' favor, and an extension of time is not warranted (*see Cassini v Advance Publications, Inc.,* 125 AD3d 467, 468 [1st Dept 2015]; *Khedouri v Equinox*, 73 AD3d 532, 532-33 [1st Dept 2010]).

Thus, plaintiff's cross-motion for an extension of time to serve Metro-North and Hildebrandt is denied.

## II. Defendants' Motion to Dismiss

### A. Dismissal as against Metro-North and Hildebrandt

The branch of defendants' motion to dismiss all allegations against Metro-North and Hildebrandt (except for wrongful death), due to lack of service is granted. It is undisputed that the complaint was never served upon them.

Although defendants are not moving for dismissal of the allegations of wrongful death, CPLR 306-b provides that if service is not timely made and an extension of the time to service is not granted, "the court, upon motion, shall dismiss *the action* without prejudice *as to that defendant* . . . " (emphasis added). The entire complaint is therefore a nullity as to Metro-North and Hildebrandt due to lack of service upon them; these defendants cannot partially waive lack of service to certain allegations. Thus, the

**152797/2022   STONE, RENAE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 4 of 6**
**Motion No.  001**

4 of 6

entire complaint is dismissed without prejudice as against Metro-North and Hildebrandt.[1]

### B. Dismissal as against the MTA

Turning to the branch of defendants' motion to dismiss the action as against the MTA for failure to state a cause of action, defendants argue that the MTA cannot be held liable for the torts of its subsidiaries, and "the functions of the MTA with respect to public transportation are limited to financing and planning and do not include the operation, maintenance and control of any facility," citing *Cusick v Lutheran Medical Center* (105 AD2d 681, 481 [2d Dept 1984]) (*see* affirmation of defendants' counsel in support of motion ¶¶ 12-13 [NYSCEF Doc. No. 9]).

In opposition, plaintiff argues that plaintiff's theory of liability against the MTA is "based upon its failure to properly maintain the fencing as a barrier between Matthiessen Park and the abutting railroad tracks" (affirmation of plaintiff's counsel in opposition and in support of cross-motion ¶ 16).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any legally cognizable theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

Here, the complaint states a valid cause of action against the MTA for negligent operation of the train that allegedly struck decedent. The complaint alleges that, "at all times hereinafter mentioned, the defendant Edward Hildebrandt, Jr., was employed by the defendant Metropolitan Transportation Authority and/or by the defendant MTA Metro-North Railroad, and was acting within the scope of his employment" (complaint ¶ 7). It also alleges that "defendant [MTA] did own or lease a certain railroad locomotive vehicle bearing the designation Engine 204 of Train 5755" (*id.* ¶ 12). Lastly, the complaint alleges "That this train-pedestrian accident which occurred on or about April 3, 2021, was caused by the negligence, carelessness and recklessness of the defendants [MTA] and [Metro-North] and Edward Hildebrandt Jr. . . . " (*id.* ¶ 20).

The complaint also states a valid cause of against the MTA for negligence as an alleged premises owner. The complaint alleges that the MTA "did either own or maintain leases, rights of way or easements over certain real property north of the Irvington Station in Westchester County, at and about Milepost 23.5, at and about the location of the railroad tracks which they owned and maintained" (complaint ¶ 10), and that the MTA was negligent "in failing to maintain the areas at, about and within their trackways at and about Milepost 23.5, north of the Irvington Station in Westchester County, such that there existed and remained a lack of proper and sufficient fencing and

---

[1] Plaintiff points out that a separate action for wrongful death against Metro-North and Hildebrandt has already been commenced, *Stone v Metro North Commuter Railroad Company d/b/a MTA Metro North Railroad and Hildebrandt*, Index Number 152974/2023.

**152797/2022   STONE, RENAE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 5 of 6**
**Motion No.  001**

barriers, despite the fact that they knew or reasonably should have known that pedestrians were traversing the area and crossing the tracks," among other allegations (complaint ¶ 21).

Contrary to defendants' argument, plaintiff is not attempting to hold the MTA vicariously liable for the alleged negligence of Metro-North, its subsidiary. Additionally, on a motion to dismiss, the court must accept as true plaintiff's allegation that the MTA operated the train at issue. Defendants' reliance upon *Cusick* and other cases is therefore misplaced.

## CONCLUSION AND ORDER

It is hereby **ORDERED** that defendants' motion to dismiss is **GRANTED IN PART TO THE EXTENT THAT** the complaint is severed and dismissed without prejudice as against defendants Edward Hildebrandt Jr. and Metro-North Commuter Railroad Company D/B/A MTA Metro-North Railroad, due to lack of service, with costs and disbursements to these defendants as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the Clerk is directed to enter judgment in these defendants' favor accordingly; and it is further

**ORDERED** that the remainder of the motion is denied; and it is further

**ORDERED** that plaintiff's cross motion for an extension of time to serve the complaint upon defendants Edward Hildebrandt Jr. and Metro-North Commuter Railroad Company D/B/A MTA Metro-North Railroad is **DENIED**.

20250331190152RTSAI0B0815DAF7994BF698F232792E31C1C9

**3/31/2025**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| MOTION | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| CROSS MOTION | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152797/2022  STONE, RENAE vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**          **Page 6 of 6**
**Motion No.  001**

6 of 6

[* 6]